David M. Goodrich, State Bar No. 208675
dgoodrich@go2.law
Anerio V. Altman, State Bar No. 228445
aaltman@go2.law
**GOLDEN GOODRICH LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Telephone 714-966-1000
Facsimile 714-966-1002

Proposed Counsel for John J. Menchaca, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>R&LS INVESTMENTS, INC.,<br><br>Debtor. | Case No. 2:23-bk-14467-WB<br><br>Chapter 7<br><br>**SUPPLEMENT TO EMERGENCY MOTION FOR ORDER:**<br>**(1) REJECTING UNEXPIRED REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365;**<br>**(2) REJECTING EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365;**<br>**(3) ASSUMING AND ASSIGNING AGREEMENTS PURSUANT TO 11 U.S.C. §§ 365 AND 107;**<br>**(4) ALLOWING TRANSACTIONS IN ESCROW TO PROCESS;**<br>**(5) CLOSING THE DEBTOR'S BUSINESS; AND**<br>**(6) ABANDONING REMAINING PERSONAL PROPERTY AND THE ESTATE'S POSSESSORY INTEREST IN REAL PROPERTY PURSUANT TO 11 U.S.C. § 554(a);**<br>**MEMORANDUM OF POINTS AND AUTHORITIES; AND SUPPLEMENTAL DECLARATION OF JOHN J. MENCHACA IN SUPPORT THEREOF**<br><br>DATE: April 4, 2025<br>TIME: 2:00 p.m.<br>PLACE: Courtroom 1375<br>255 E. Temple Street<br>Los Angeles, California 90012 |



Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**TO THE HONORABLE JULIA W. BRAND, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND DEBTOR'S COUNSEL, DE CORAL PLAZA, LLC AND ITS COUNSEL, GOLD COAST WEST, LLC AND ITS COUNSEL, AND ALL PARTIES IN INTEREST:**

John J. Menchaca, the duly appointed, qualified and acting chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of R&LS Investments, Inc. ("Debtor"), files this supplement to his *Emergency Motion for Order: (1) Rejecting Unexpired Real Property Leases Pursuant to 11 U.S.C. § 365; (2) Rejecting Executory Contracts Pursuant to 11 U.S.C. § 365; (3) Assuming and Assigning Agreements Pursuant to 11 U.S.C. §§ 365 and 107; (4) Allowing Transactions in Escrow to Process; (5) Closing the Debtor's Business; and (6) Abandoning Personal Property and the Estate's Possessory Interest in Real Property Pursuant to 11 U.S.C. § 554(a)* ("Motion") filed on March 28, 2025 (Dkt. No. 366).

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

## I. ADDITIONAL/SUPPLEMENTAL RELIEF REQUESTED

The Trustee seeks an order authorizing: (1) payment of post-petition, post-conversion payroll and final paycheck amounts, estimated at $20,949.26, for seven employees that worked for the Debtor for the last three days the Debtor's business was operated by the Trustee (March 26, 2025 through March 28, 2025), (2) the assumption and assignment of certain listing agreements where the Debtor is the broker of record, and (3) the Trustee to execute any and all forms, agreements and documents necessary to transfer listing agreements, MLS listings, agent and broker licenses, and any other agreement or item related to the transfer of the Debtor's listing agreements to third-party brokerages or agencies as the "broker of record."

## III. LEGAL ARGUMENT

### A. The Court Should Authorize the Payment of Post-Petition, Post Conversion Wages

If a business is authorized to be operated under 11 U.S.C. § 721 and unless a bankruptcy court orders otherwise, a debtor-in-possession or trustee may use, sell or

lease property of the estate in the "ordinary course of business" without court approval. 11 U.S.C. § 363(c)(1). A bankruptcy court may authorize a trustee to operate the business of a debtor in chapter 7 for limited period, under certain circumstances. 11 U.S.C. § 721. Local Bankruptcy Rule ("LBR") 2070-1(a) provides general authority for a trustee to operate a business in chapter 7 for 30 days with payments made as permitted under LBR 2016-2(a) without court order. See LBR 2070-1(a). LBR 2016-2(a) does not include payroll and payroll related expenses as a pre-authorized expense. *See* LBR 2016-2(a).

The Trustee operated the Debtor's business post-petition and after the Debtor's case was converted to chapter 7. The Trustee's operation of the Debtor's business commenced on March 3, 2025 and terminated on March 28, 2025. *See* Supplemental Declaration of John Menchaca ("Supp. Menchaca Dec."). The Trustee's limited operation of the Debtor's business was authorized under LBR 2070-1(a) thereby triggering court authority under § 721.

The Trustee contends the payroll and payroll liabilities of the Debtor are ordinary course expenses and the payment of payroll and payroll-related liabilities is permitted under § 363(c)(1). The Trustee believes the ordinary course payroll accruals of the Debtor's seven employees constitute ordinary expenses that the Court should approve. LBR 2016-2(a), however, does not list payroll and payroll-related expenses as pre-approved expenses the Trustee may pay. Accordingly, the Trustee requests an order approving the payment of payroll and payroll related expenses consistent with the Court's authority under § 363(c)(1).

The Trustee further requests authority to pay final payroll amounts, including paid time off accruals and earned bonuses, to the Debtor's former employees as transactions that may be paid outside of the ordinary course of business. Under § 363(b)(1), a bankruptcy court is empowered to authorize a trustee to expend funds in the bankruptcy court's discretion outside the ordinary course of business after notice and a hearing. *See* 11 U.S.C. § 363(b)(1).

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

In addition to payroll and payroll-related expenses, the Debtor's former employees accrued paid time off benefits and earned bonuses. Although most, possibly all, of the accruals relate to a pre-conversion employment relationship between the Debtor and the Debtor's former employees, the Trustee contends it is in the best interest of the bankruptcy estate and its creditors to pay accruals to the Debtor's former employees outside of the ordinary course of business in order to satisfy potential administrative and priority claims.

The automatic stay and claims process should eliminate potential claims filed by the Debtor's former employees with the California Labor Board and any other non-bankruptcy court forum. It is possible, however, that Trustee could be forced to defend against one or more motions for relief from stay as well as one or more motions to allow administrative expense claims. Also, one or more former employee may file claims which include penalties allowable under California law for non-payment of wages upon termination. The Trustee contends that no penalties are allowable as part of the claims process. Nevertheless, the total amount to be paid to the Debtor's former employees is $20,949.26, which includes ordinary course wages and all accrued paid time off and earned bonuses. The cost to address potential motions for relief from stay, motions to allow administrative expense claims, as well as to object to problematic proofs of claim, could exceed the total amount to be paid to the Debtor's former employees. Hence, a valid business purposes exists for authorizing payment of all wages, accrued paid time off and earned bonuses, and the Court should authorize the payment of these amounts, to the extent the Trustee has sufficient unencumbered funds on hand to pay these amounts.

**B. <u>The Trustee Will Not Use Cash Collateral To Pay Former Employees</u>**

The Trustee has learned that the U.S. Small Business Administration ("SBA") holds a blanket lien on all assets of the Debtor. *See* Supp. Menchaca Dec. The total debt secured by the SBA lien is approximately $15,000. *Id*. The Trustee will not pay all payroll and payroll-related amounts should the amounted needed reduce the cash on hand in the bankruptcy estate to an amount less than $15,000.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**C. <u>The Court Should Authorize the Assumption and Assignment of Certain Listing Agreements</u>**

As noted in the Motion, Section 365(a) of the Bankruptcy Code provides, in pertinent part, that a trustee or debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." *See* 11 U.S.C. § 365(a). This provision allows a debtor-in-possession "to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *See Stewart Title Guar.* Co. *v. Old Republic Nat'l Title* Co., 83 F.3d 735, 741 (5th Cir. 1996) (quoting *Phoenix Exploration, Inc. v. Yaquinto* (citing *In re Muerexco Petroleum, Inc.,* 15 F.3d 60, 62 (5th Cir. 1994)).

Rejection of an executory contract or unexpired lease is appropriate where rejection of the contract would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distribution Corp.,* 872 F.2d 36, 39 (3d Cir. 1989). The standard for rejection is satisfied when a trustee or debtor has made a business determination that rejection will benefit the estate. *See Commercial Finance, Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.),* 47 B.R. 425, 427 (D. Haw. 1985) ("Under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

The business judgment test provides a flexible standard for determining whether a debtor may reject an executory contract or unexpired lease. The inquiry focuses on the benefit to the debtor estate resulting from the rejection rather than the mere unprofitability of the contract. *See In re Minges,* 602 F.2d 38, 43 (3d Cir. 1979). A bankruptcy court should approve the rejection of an executory contract unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *In re Pomona Valley Medical Group, Inc.*, 476 F.3d at 671 (quoting *Lubrizol Enter. V. Richmond Metal Finishers*, 765 F.2d 1043, 1047 (4th Cir. 1985).

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

As set forth in the Menchaca Decl. filed with the Motion, the Trustee, in the exercise of his business judgment, has determined that rejection of certain listing agreements is in the best interest of the bankruptcy estate and its creditors. The Trustee proposes to retain listing agreements with open escrows scheduled to close by or before April 18, 2025. Subject to a retention of one or more listing agreements where escrow closing may be extended, the Trustee seeks authority to rejects all of the remaining listing agreements between the Debtor and its clients. As is discussed in the Motion (8:25-28), there are several pending lawsuits against real estate agents that served as independent contractors for the Debtor. The litigation costs and risk of potential damages outweighs the benefit of the Trustee's operation of the Debtor's business. Moreover, real estate agents operating in the field pose a serious risk for the bankruptcy estate because they frequently operate motor vehicles and are susceptible to hazards such as crime and personal injury. The Trustee evaluated the value of the Debtor's business if it were sold as a going concern as well as the net profit of the Debtor's operations and determined the limited benefit, if any, to further operations did not justify the risks faced by the bankruptcy estate. As such, good cause exists to authorize the rejection of certain listing agreements.

The Trustee is not aware of any defaults by the Debtor under any of the listing agreements to be assumed and assigned. *See* Supp. Menchaca Dec. Hence, there is no cure requirements to be satisfied before the listing agreements can be assigned. Moreover, the Trustee believes that each listing agreement will be assigned to a new brokerage that is a licensed real estate broker charged with the same fiduciary duties the Debtor owed to its clients, as well as possessing the same financial incentive and legal motive to perform under each assigned listing agreement. *Id*. Accordingly, the Court should authorize the assumption and assignment of the listing agreements.

**D. <u>The Court Should Authorize the Trustee to Execute Documents To Facilitate the Transfer of Listings to New Brokerages</u>**

11 U.S.C. § 105(a) provides:

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

The Trustee may be required to execute a slew of forms, agreements and documents necessary to transfer listing agreements, MLS listings, agent licenses, and any other agreement or item related to the transfer of the Debtor's listing agreements to third-party brokerages or agencies. The Trustee is not the "broker of record" (as that phrase is used in certain forms and documents). The broker of record for the Debtor has resigned. The Trustee is working with the Debtor's principal to locate an alternate broker for purposes of executing documents required by, among others, the State of California, the MLS, and the new agencies for the Debtor's former real estate agent contractors.

In the event the Trustee is unable to locate a broker of record and under the exigency of circumstances in transferring listing agreements to new brokerages so that the parties to the listing agreements are not prejudiced, the Court should enter an order pursuant to § 105(a) empowering the Trustee to sign all documents as the "broker of record" for the Debtor. A bankruptcy court cannot "contravene specific statutory provisions" or "override explicit mandates of other sections of the Bankruptcy Code" using its inherent powers under § 105(a).[1] An order authorizing the Trustee to sign certain documents as the "broker of record" does not exceed the Court's § 105(a) powers because the Trustee not located any authority requiring the broker of record to execute the requisite documents for a transfer of listing agreements. Further, the exercise of the Court's § 105(a) powers does not override any other section of the Bankruptcy Code. As such, the Court has the power to enter an order deeming the Trustee the "broker of

---

[1] *See Law v. Siegel*, 5721 U.S. 415, 421 (2014).

record" for the limited purpose of transferring listing agreement, licenses and related assets of the Debtor.

## IV. CONCLUSION

Based upon the foregoing, the Trustee respectfully requests the Court:

1. Authorize the Trustee to pay post-petition, post-conversion payroll and final paycheck amounts for the Debtor's former employees;

2. Approve and authorize the assumption and assignment of certain listing agreements where the Debtor is the broker of record,

3. Authorize the Trustee to execute any and all forms, agreements and documents necessary to transfer listing agreements, MLS listings, agent and broker licenses, and any other agreement or item related to the transfer of the Debtor's listing agreements to third-party brokerages or agencies as the "broker of record"; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: April 1, 2025

GOLDEN GOODRICH LLP

By: *<u>/s/ David M. Goodrich</u>*
DAVID M. GOODRICH
ANERIO V. ALTMAN
Proposed Attorneys for Chapter 7
Trustee John J. Menchaca

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**SUPPLEMENTAL DECLARATION OF JOHN J. MENCHACA**

I, John J. Menchaca, declare as follows:

1. I am the duly appointed chapter 7 Trustee for the bankruptcy estate of R&LS Investments, Inc. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Supplement* to the *Motion for Order: (1) Rejecting Unexpired Real Property Leases Pursuant to 11 U.S.C. § 365; (2) Rejecting Executory Contracts Pursuant to 11 U.S.C. § 365; (3) Assuming and Assigning Agreements Pursuant to 11 U.S.C. §§ 365 and 107; (4) Allowing Transactions in Escrow to Process; (5) Closing the Debtor's Business; and (6) Abandoning Personal Property and the Estate's Possessory Interest in Real Property Pursuant to 11 U.S.C. § 554(a)* ("Supplement"). Any terms not specifically defined herein shall have the meaning set forth in the Supplement.

2. As detailed in the Supplement, I seek an order authorizing: (1) payment of post-petition, post-conversion payroll and final paycheck amounts, estimated at $20,949.26, for seven employees that worked for the Debtor for the last three days the Debtor's business was operated by me (March 26, 2025 through March 28, 2025), (2) the assumption and assignment of certain listing agreements where the Debtor is the broker of record, and (3) me to execute any and all forms, agreements and documents necessary to transfer listing agreements, MLS listings, agent and broker licenses, and any other agreement or item related to the transfer of the Debtor's listing agreements to third-party brokerages or agencies as the "broker of record."

3. I operated the Debtor's business from March 3, 2025 to March 28, 2025.

4. I believe it is in the best interest of the bankruptcy estate and its creditors to pay accruals to the Debtor's former employees outside of the ordinary course of business in order to satisfy potential administrative and priority claims, subject to sufficient, unencumbered funds on hand in the bankruptcy estate.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

5. Based upon information I received from ADP, the Debtor's payroll service, the total amount to be paid to the Debtor's former employees is $20,949.26, which includes ordinary course wages and all accrued paid time off and earned bonuses.

6. I estimate that the cost to address potential motions for relief from stay, motions to allow administrative expense claims, as well as legals fees needed to object to problematic proofs of claim, could exceed the total amount to be paid to the Debtor's former employees.

7. I have learned that the U.S. Small Business Administration ("SBA") holds a blanket lien on all assets of the Debtor. I have been advised that the total debt secured by the SBA lien against the Debtor's assets is approximately $15,000.

8. If I am authorized to pay all payroll and payroll-related amounts, I will reserve enough funds in the bankruptcy estate to ensure the SBA lien is adequately protected by the entire amount claimed by the SBA.

9. With Court permission, I recommend the Estate retain listing agreements with open escrows scheduled to close by or before April 18, 2025. Subject to a retention of one or more listing agreements where escrow closing may be extended, I seek authority to reject all of the remaining listing agreements between the Debtor and its clients.

10. In my opinion and experience, the litigation costs and risk of potential damages outweighs the benefit of my operation of the Debtor's business. Real estate agents operating in the field pose a serious risk for the bankruptcy estate because they frequently operate motor vehicles and are susceptible to hazards such as crime and personal injury.

11. I evaluated the value of the Debtor's business if it were sold as a going concern as well as the net profit of the Debtor's operations and determined the limited benefit, if any, to further operations did not justify the risks faced by the bankruptcy estate.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

12. I am not aware of any defaults by the Debtor under any of the listing agreements to be assumed and assigned. As a result, I do not believe there are any cure requirements before the listing agreements can be assumed and assigned.

13. It is my understanding that each listing agreement to be assigned will be assigned to a new brokerage that is a licensed real estate broker charged with the same fiduciary duties the Debtor owed to its clients, as well as possessing the same financial incentive and legal motive to perform under each assigned listing agreement.

14. I have learned that I may be required to execute a slew of forms, agreements and documents necessary to transfer listing agreements, MLS listings, agent and broker licenses, and any other agreement or item related to the transfer of the Debtor's listing agreements to third-party brokerages or agencies.

15. I am not the "broker of record" (as that phrase is used in certain forms and documents) for the Debtor's real estate business.

16. I was informed by Rick Cunningham, the principal of the Debtor, that the broker of record for the Debtor resigned.

17. I am working with the Debtor's principal to locate an alternate broker for purposes of executing documents required by, among others, the State of California, the MLS, the new agencies for the Debtor's former real estate agent contractors.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of April, 2025.

***Signature to Follow***
John J. Menchaca

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3070 Bristol St., Suite 640, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENT TO EMERGENCY MOTION FOR ORDER: (1) REJECTING UNEXPIRED REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365; (2) REJECTING EXECUTORY CONTRACTS PURSUANT TO 11 U.S.C. § 365; (3) ASSUMING AND ASSIGNING AGREEMENTS PURSUANT TO 11 U.S.C. §§ 365 AND 107; (4) ALLOWING TRANSACTIONS IN ESCROW TO PROCESS; (5) CLOSING THE DEBTOR'S BUSINESS; AND (6) ABANDONING REMAINING PERSONAL PROPERTY AND THE ESTATE'S POSSESSORY INTEREST IN REAL PROPERTY PURSUANT TO 11 U.S.C. § 554(A); MEMORANDUM OF POINTS AND AUTHORITIES; AND SUPPLEMENTAL DECLARATION OF JOHN J. MENCHACA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 2, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) ______________________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **April 2, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2025 | David M. Fitzgerald | [signature] |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**
Anerio V Altman aaltman@ecf.courtdrive.com, lakeforestpacer@gmail.com
Michael Jay Berger michael.berger@bankruptcypower.com,
yathida.nipha@bankruptcypower.com;michael.berger@ecf.inforuptcy.com
Jordan Elizabeth Chavez jordan.chavez@haynesboone.com, kim.morzak@haynesboone.com
John-Patrick M Fritz jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
David M Goodrich dgoodrich@go2.law, kadele@go2.law;dfitzgerald@go2.law;wggllp@ecf.courtdrive.com
Jeffrey S Kwong jsk@lnbyg.com, jsk@ecf.inforuptcy.com
Lewis R Landau Lew@Landaunet.com
Anne C Manalili anne.manalili@sba.gov
John J Menchaca (TR) jmenchaca@menchacacpa.com, igaeta@menchacacpa.com;ecf.alert+Menchaca@titlexi.com
Carmela Pagay ctp@lnbyg.com
Ian Peck ian.peck@haynesboone.com, kim.morzak@haynesboone.com
Jeffrey L Sumpter jsumpter1@cox.net
United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
Gerrick Warrington gwarrington@frandzel.com, achase@frandzel.com
Hatty K Yip hatty.yip@usdoj.gov, hatty.k.yip@usdoj.gov
Timothy J Yoo tjy@lnbyb.com

**SERVED BY E-MAIL:**

R&LS Investments, Inc.
Debtor
e-mail: rick@tcgpartnersinc.com

John-Patrick M Fritz
Debtor's Counsel
e-mail: jpf@lnbyg.com & via NEF

**INTERESTED PARTIES:**

De Coral Plaza, LLC
Stuart McElhinney, Vice president – Investor Relations
smcelhinney@douglasemmett.com
leasing@douglasemmett.com

CMC Lawyers Incorporating Service
Agent for Service of Process for De Coral Plaza, LLC
sacramento@cscinfo.com

Gold Coast West, LLC
Agent: Michael Pashaie;
Michael@gwprealestate.com